UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**FRANKFORT**

| | |
|---|---|
| TRITENT INTERNATIONAL CORP.; DWI, LLC; and CIBAHIA TABACOS ESPECIAS LTDA, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 3:04-67-JMH<br>)<br>) |
| v. | )<br>) **MEMORANDUM OPINION AND ORDER**<br>) |
| COMMONWEALTH OF KENTUCKY, | )<br>) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiffs' motion for reconsideration of the July 14, 2005 Order granting Defendant's motion to quash subpoenas [Record No. 72] to which Defendant responded [Record No. 73].  The time for reply has expired, and this matter is now ripe for review.

On July 11, 2005, Defendant filed a motion to quash along with a motion to expedite ruling.  In support, Defendant argued that the subpoenas duces tecum issued to non-party All American Cigarette Wholesale, Inc. ("All American") had been issued prior to the parties having conducted their Rule 26(f) planning meeting, in contravention of Rule 26(d).  In light of the pending deadlines for production of the requested documents, the Court granted the motion to expedite and addressed the motion to quash prior to the response deadline.

Additionally, because the Court interpreted Rule 26(d) to

preclude any discovery from any source prior to the parties' Rule 26(f) meeting, the Court issued an Order on July 14, 2005, quashing the subpoenas duces tecum. On the same day, Plaintiffs filed their response to the Defendant's motion to quash. After receiving notice that the Court had granted Defendant's motion to quash, on July 20, 2005, Plaintiffs filed a motion for reconsideration. As did Plaintiffs' response to the motion to quash, Plaintiffs' motion for reconsideration argues that because the subpoenas duces tecum was issued to a non-party, Defendant lacks standing to challenge the subpoena duces tecum.

This Court interprets a motion for reconsideration as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (citing *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986 (1979)). Such a motion should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). This motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued.'" *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d

2

10, 16 (1st Cir. 1992)).

Plaintiffs correctly point out that generally, a party lacks standing to challenge a subpoena issued to a nonparty. *See Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3293, 1997 WL 280188, at *4 (6th Cir. 1997)(recognizing general rule in dicta); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002)("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty.").

On the other hand, Federal Rule of Civil Procedure 26(d), in the Court's view, speaks for itself: "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery **from any source** before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(emphasis added). This Rule, referred to as the "moratorium" on discovery, applies to all discovery "[e]xcept for depositions that may by rule be taken prior to the Rule 26(f) conference." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2046.1 (2d ed. 1994 & Supp. 2005).

There are some recognized exceptions to the general moratorium on discovery — the parties may agree by stipulation to conduct discovery or the court may lift the moratorium by court order. *Id.* However, with respect to the latter exception, "it is implicit [in

3

the Rule] that some showing of good cause should be made to justify such an order." *Id.*

Certainly, the Court recognizes the authority cited by Plaintiffs for the proposition that a party lacks standing to challenge a subpoena duces tecum issued to a non-party. At the same time, Defendant, without question, has a right to challenge the fact that Plaintiffs have attempted to conduct discovery in direct contravention of Rule 26(d). The Rule applies to discovery from *any source* and, thus, applies to the subpoenas duces tecum issued on All American. The discovery sought to be conducted does not fall into the limited exceptions in Rule 26(d) itself. *See* Fed. R. Civ. P. 26(d)("Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties . . . .")

Moreover, despite Plaintiffs' argument that they have shown "good cause" in that Defendant lacks standing to challenge the subpoenas, Plaintiffs have not identified any reason whatsoever for having attempted to conduct discovery in the first place. Under the circumstances of this case, the Court finds that it did not make a clear error of law and that denial of the motion for reconsideration will not result in manifest injustice.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for reconsideration of the July 14, 2005 Order granting Defendant's motion to quash subpoenas [Record No. 72] be, and the same hereby

4

is, **DENIED**.

This the 12th day of August, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge